UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THERESA DOWD,

   *Plaintiff,*

CASE NO. 19-13611
DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

*v.*

UNITED STATES,

   *Defendant.*

_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS
(ECF No. 5)**

**I.** **RECOMMENDATION**

For the reasons stated below, I **RECOMMEND** that the motion to dismiss (ECF No. 5) be **GRANTED** and that the case be **DISMISSED**.

**II.** **REPORT**

  **A.** **BACKGROUND**

*Pro se* Plaintiff Theresa Dowd originally filed her Complaint in the Clare County, Michigan, District Court. (ECF No. 1, PageID.6.) Her complaint was removed to this Court on December 9, 2019. (ECF No. 1.) The Notice of Removal indicated that Plaintiff sought to sue "Paul Borninski, who at all relevant times was an employee of the United States Postal Service, which is an agency of the United States of America…[and] because the Attorney General, through his designee, Peter A. Caplan, Chief of the Civil Division of the United States Attorney's Office for the Eastern District of Michigan, has certified that [Paul Borninski] was acting within the scope of his employment at the time of the incident out of which this suit arose [] plaintiff's

1

claim is one against the 'United States or any agency thereof or any officer…of the United States or any agency thereof, sued in an official or individual capacity for any act under the color of such office.'" (ECF No. 1, PageID.1-2, quoting 28 U.S.C. § 1442(a)(1)). On December 18, 2019, an Order substituting the United States for Defendant Paul Borninski was entered. (ECF No. 4.)

On December 20, 2019, the instant motion to dismiss was filed. (ECF No. 5.) An Order requiring a response to the motion was entered on December 20, 2019. (ECF No. 6.) All attempts at service of the above Orders has been futile as all mail has been returned as undeliverable. Court staff also attempted to reach Plaintiff via e-mail and telephone after conducting searches online but again, to no avail.

**B.   ANALYSIS**

Plaintiff's complaint is somewhat difficult to decipher but it appears that she claims that her mail was not properly forwarded to her after she changed her mailing address and that as a result of the negligence of the postal workers, her electric bill was not forwarded to her, resulting in her electricity being shut off. (ECF No. 1, PageID.6-7.) Plaintiff seeks money damages. (*Id*.)

Defendant's motion to dismiss contends that the case should eb dismissed because Plaintiff failed to exhaust her administrative remedies before fining suit as required by the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b)(1), 2671, et seq., and because the United States has not waived its sovereign immunity. (ECF No. 5, PageID.19.) Defendant also contends that the FTCA does not permit claims against the United States based on non-delivery of mail. §§ 2675(a), 2680(b). (ECF No. 5, PageID.25.)

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

When considering whether a complaint states a claim, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). But the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," otherwise the complaint will be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. (citations omitted). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action." *Id.* "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The party seeking jurisdiction must overcome a presumption that none exists. *Id.*

Plaintiff's claim regarding negligent handling of her mail sounds in tort. Under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1), the Court has jurisdiction over claims alleging negligent or wrongful acts by government employees acting within the scope of employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." The sovereign immunity that would normally shield the United States from such claims is waived by the FTCA. *Singleton v. United States*, 277 F.3d 864, 872 (6th Cir. 2002), *overruled on other*

*grounds as recog. by Hawver v. United States*, 808 F.3d 693, 693 (6th Cir. 2015); *see also* 14 Wright & Miller, Fed. Prac. & Proc., § 3658 (4th ed.) ("Section 1346(b) of Title 28 confers exclusive jurisdiction upon the federal district courts for suits within the scope of the Government's consent.").

When a claim is cognizable under § 1346(b)(1), the remedy that statute provides is exclusive and the claim lies only against the United States, not a federal agency, regardless of any other authority permitting the agency to sue or be sued in its own name. 28 U.S.C. § 2679(a). "Thus, if a suit is 'cognizable' under § 1346(b) of the FCTA, the FTCA remedy is 'exclusive' and the federal agency cannot be sued 'in its own name[.]'" *F.D.I.C.*, 510 U.S. at 477. "Cognizable" means "actionable" or capable of being brought within a jurisdiction. *Id.* at 476. Accordingly, a claim is cognizable under the FTCA—and comes within the jurisdiction granted by § 1346(b)(1)—if it is "actionable," and it is "actionable" if it alleges the elements listed in § 1346(b). *Id.* at 477.

Under 28 U.S.C. § 2401(b), any claim must be presented to the federal agency within two years after such claim accrues. § 2675(a) requires that an "action shall not be instituted upon a claim against the United States for money damages…unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied in writing and sent by certified or registered mail." Thus, a plaintiff must exhaust his administrative remedies before filing suit in federal court. *McNeil v. United States*, 508 U.S. 106 (1993). When a claim is launched against the Postal Service, the aggrieved person must first file a claim form with the Torts Claims Coordinator as delineated in 39 C.F.R. § 912.4 and 5(a).

4

Defendant has proffered an affidavit of Kimberly Herbst, the Tort Claims Examiner/Adjudicator with the United States Postal Service, who attests that she has searched the internal records and databases and that there is no evidence that any form or claim was filed by Plaintiff. (ECF No. 5, PageID.37-38.)

Accordingly, the case should be dismissed for Plaintiff's failure to exhaust her administrative remedies. *Bowler v. United States*, 7 F. App'x 365, 366 (6th Cir. 2001)

In addition, this case should also be dismissed because the FTCA bars any claim "arising out of the loss, miscarriage, or negligent transmission of a postal matter." 28 U.S.C. § 2680(b). Here, Plaintiff's claim derives from alleged negligent loss of her mail. Thus, the case falls squarely within the postal exception to the FTCA and should be dismissed for this reason as well. *English v. Int'l Processing Center–Worldwide Fin. Group*, 2000 WL 1772615, at *2 (E.D. Mich. Oct. 27, 2000)(where declaration indicated the plaintiff had not filed the proper form under the regulations and where the complaint was of lost mail which is not actionable under the FTCA, the case would be dismissed for failure to exhaust and failure to state a claim upon which relief can be granted).

### III. CONCLUSION

For these reasons, I suggest that Defendant's motion to dismiss should be **GRANTED** and the case **DISMISSED**.

### IV. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to

another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 16, 2020            S/ PATRICIA T. MORRIS
                                                  Patricia T. Morris
                                                  United States Magistrate Judge

## **CERTIFICATION**

    I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Theresa Dowd at PO Box 211, Mt. Pleasant, MI 48804.

Date: March 16, 2020　　　　　　　　　　　　　By s/Kristen Castaneda
　　　　　　　　　　　　　　　　　　　　　　　　Case Manager